The Chief Justice
delivered the opinion of the court.
This was an action of assumpsit brought by the plaintiff in error against the defendant, in the Fayette circuit court.
The defendant pleaded the statute of limitations, and the plaintiff replied “that he instituted suit against the defendant, together with other stock-holders under the name of the Madison Flax spinning Company, for the same cause of action, and recovered judgment, which was afterwards reversed by the court of appeals, and within one year before suing out the original writ herein, judgment in said suit was rendered in this court against said plaintiff, which he is ready to verify.” To this replication the defendant demurred, and the circuit court gave judgment on the demurrer for him, to which the plaintiff prosecutes this writ of error.
The replication was no doubt intended to bring the case within the exception contained in the sixth section of the act of limitations; but it is evidently insufficient for that purpose.
According to the plain and literal import of that section, if a judgment be given for the plaintiff, and the same be afterwards reversed on error, he is permitted to bring a new action within one year after the judgment is reversed, but at no time thereafter. Now the replication contains no averment that this action was commenced within one year after the judgment in the former suit was reversed; nor does it alledge the time when the judgment in the former suit was reversed, so that by comparing that time with the date of the writ in this action, it might be seen that the latter was commenced within one year after the judgment of reversal. The replication is, therefore, wholly insufficient, and the judgment of the circuit court, sustaining the demurrer thereto, is correct.
Judgment affirmed with cost.